[Civ. No. 874.  First Appellate District.—September 26, 1911.]

## EMMA C. McCOLGAN, Appellant, v. ANDREW J. PIERCY, Respondent.

ORDER DISMISSING ACTION—LONG FAILURE TO SERVE SUMMONS—RES-
TORATION OF RECORDS—CONFLICTING AFFIDAVITS—AFFIRMANCE OF
ORDER.—Upon appeal from an order dismissing an action, based
upon the affidavit of respondent that the action had been pending
for five years, that he had never been served with summons, and
had never appeared in the action, notwithstanding a conflicting
affidavit of restoration of records made over four years after the
fire of April 18, 1906, which showed an action on a note com-
menced July 13, 1904, and an affidavit of service of summons filed
July 16, 1904, it must be assumed that the trial court determined
the conflicting affidavits in favor of the respondent, and the order
of dismissal must be affirmed.

ID.—EVIDENCE SUPPORTING ORDER—RIGHT AND DUTY OF COURT.—There
being evidence to support the conclusion that the summons had
never been served, and that defendant had never appeared in the
action, though it had been commenced more than five years before
the motion for a dismissal was made, upon such facts being estab-
lished to the satisfaction of the court, it was not only the right,
but the plain duty, of the court to dismiss the action.

APPEAL from an order of the Superior Court of the
City and County of San Francisco dismissing an action.
George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

C. H. Garoutte, and E. J. Talbott, for Appellant.

J. E. Alexander, for Respondent.

HALL, J.—This is an appeal from an order dismissing an
action made after hearing upon notice and motion of defend-
ant.

The original records in the action were destroyed in the
conflagration of April, 1906. No action whatever was there-
after taken in the action until December 7, 1909, when
plaintiff filed a petition for the restoration of the records.
Defendant thereupon gave notice of a motion for a dismissal

of the action, as well as for a denial of the petition for a restoration of the records, upon grounds stated in the notice, involving laches in the plaintiff in failing to serve summons in the action, or to take any steps to bring the action to trial, and in failing to take steps to restore the records for nearly four years, and for the further reason that all rights of plaintiff were barred by the provisions of section 581a of the Code of Civil Procedure.

The court granted the motion to restore the records, as prayed for by plaintiff, but dismissed the action. The order dismissing the action is general, and does not state the particular grounds upon which it is based. Taking the evidence contained in the record and in the affidavits most favorable to the respondent as true, which we are obliged to do in support of the order of the court, the order is amply supported.

The restored record consists of:

(1) The complaint, on promissory notes, for $500, filed July 13, 1904;

(2) Summons issued on same day; and

(3) Affidavit of personal service thereof, filed July 16, 1904,—and nothing else.

The defendant made affidavit that he had never been served with summons, and had never appeared in said action. The restored record contains a return of personal service, and the person making such return also filed an affidavit used on the motion showing such service of summons on defendant. But these matters simply presented a conflict with the affidavit of defendant that no service had ever been made, which we must assume the court determined in favor of respondent. The order restoring the record does not determine nor purport to determine the fact of service, but simply restores to the record the return as filed.

The affidavit of defendant also sets out that he never appeared in said action, and the restored record is in full harmony with his affidavit on this point. Section 581a provides, among other things, that an action must be dismissed by the court upon its own motion, or upon motion of any party interested, if summons be not *served* and return made thereon, or appearance be made by defendant, within three years after the commencement of the action.

17 Cal. App.—11

There was, as we have already shown, evidence to support the conclusion that the summons had never been served, and defendant had never appeared in the action, though it had been commenced more than five years before the motion for a dismissal was made.

Upon such facts being established it was not only the right, but the plain duty, of the court to dismiss the action. (*Sharpstein* v. *Eells,* 132 Cal. 507, [64 Pac. 1080], and cases there cited; Code Civ. Proc., sec. 581a.)

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.