[Civ. No. 18084. First Dist., Div. Two. Mar. 25, 1959.]

FREDERIC CROMWELL, Appellant, v. E. S. HEWARD, Respondent.

Wallace, Garrison, Norton & Ray for Appellant.

Alfred M. Miller for Respondent.

DRAPER, J.—This is an independent action in equity to set aside a default judgment taken against plaintiff. Plaintiff prevailed, but appeals from that portion of the decree which directed that the earlier action proceed to trial.

The earlier action was filed by Heward, as plaintiff, November 27, 1951. Summons was issued on the same date. Affidavit of one Byrnes recited service upon Cromwell December 5, 1951. This affidavit was filed and on July 8, 1954, default judgment was entered in Heward's favor for $9,024.32. The trial court found that the affidavit of service upon Cromwell was false and fraudulent, and that he had no knowledge of the entry of any judgment against him until July 1, 1955. The trial court also found that Heward was guilty of no fraud, that he had no contact with and gave no instructions to the process server. Upon finding that Cromwell had "a sufficiently meritorious defense to entitle (him) to a trial of the issues . . . in a proper adversary proceeding," the court ordered the default judgment set aside, and directed that the earlier action "should be permitted to proceed to trial upon

the issues . . . upon . . . Cromwell filing his answer thereto, without further service.'' There is no appeal from the order vacating the default judgment, but Cromwell appeals from that portion which requires trial of the original action.

Cromwell contends that the trial court has no jurisdiction to proceed in the original action, and must dismiss it because summons was not served within three years (Code Civ. Proc., § 581a) nor the action brought to trial within five years (Code Civ. Proc., § 583).

One who seeks the intervention of equity to set aside a judgment must allege facts showing that he ''has a sufficiently meritorious claim to entitle him to a trial of the issue at a proper adversary proceeding.'' (*Olivera* v. *Grace,* 19 Cal.2d 570, 579 [122 P.2d 564, 140 A.L.R. 1328].) ''There must be reasonable certainty that plaintiff would have emerged in a more advantageous position.'' (*Hart* v. *Gudger,* 153 Cal. App.2d 217, 220 [314 P.2d 549].) The allegations must be such as to ''warrant the court in determining that if the facts so alleged be proven, a different result would ensue.'' (*Huron College* v. *Yetter,* 78 Cal.App.2d 145, 150 [177 P.2d 367]; see also *Wilson* v. *Wilson,* 55 Cal.App.2d 421, 427 [130 P.2d 782]; *Parsons* v. *Weis,* 144 Cal. 410, 417 [77 P. 1007].)

Recognizing this rule, which he concedes here, Cromwell alleged in his complaint that he ''had and has a good and sufficient defense'' to the original action. This allegation rather clearly recognizes the necessity of a defense on the merits existing at the time of default judgment. (More important, although Cromwell alleges these defenses in some detail, his pleadings nowhere refers to sections 581a, 583, or any statute of limitations.

The trial court did not purport to find that Cromwell had the right to prevent any trial of Heward's claim and Cromwell's claimed defenses thereto. It found only that his defense was ''sufficiently meritorious . . . to entitle (him) to a trial of the issues.'' Had the claimed bar to trial been asserted before decree, the court might well have determined that it would be inequitable to vacate the judgment merely to permit Cromwell to assert a somewhat technical bar to a debt properly due. (*Burbridge* v. *Rauer,* 146 Cal. 21, 24-25 [79 P. 526]; *Gregory* v. *Ford,* 14 Cal. 138, 142 [73 Am.Dec. 639].)

In vacating a judgment, a court of equity may decree that judgment shall be entered in favor of the applicant for equitable intervention. (*Dunlap* v. *Steere,* 92 Cal. 344 [28 P. 563, 27 Am.St.Rep. 143, 16 L.R.A. 361].) But it is clear that

this result was neither attempted nor intended here. A common alternative remedy is the setting aside of the judgment so that a new trial can be had on the merits. (3 Pomeroy's Equity Jurisprudence [5th ed.] 276; 29 Cal.Jur.2d 133, Judgments, § 178.) The existence of this power is implicit in the California decisions. (*Olivera* v. *Grace* and other cases cited *supra*.) Cromwell's detailed allegation of his defenses upon the merits to the former action shows that such a trial upon the merits is what he sought in this action.

The very purposes of equitable intervention would be frustrated if a decree expressly designed to permit trial upon the merits were construed to prohibit such a trial. Cromwell's shield against a judgment not based upon a fair adversary proceeding would then serve as his sword to inflict a like judgment upon his adversary. In the circumstances here shown, we have no hesitancy in holding that Cromwell, in seeking the aid of equity to afford a trial upon the merits, has offered to waive his right to assert the bar of sections 581a and 583 to Heward's presentation of the merits of his case, Heward having been found to be without fault in securing the former judgment. If another ground were necessary, the trial court's decree, although not in form conditional, could readily be construed to impose assent to such trial as a condition to the vacation of the former judgment. Such condition may be imposed. (30 Am.Jur. 682, Judgments, § 727; see also 2 Pomeroy's Equity Jurisprudence [5th ed.] 83.)

Appellant relies upon *McColgan* v. *Piercy,* 17 Cal.App. 160 [118 P. 957]. But that decision is readily distinguished from the case at bar. There no judgment had been entered. There was no application for equitable intervention. No step had been taken in that action for more than five years after filing of return of service. Upon determining that the return was false, the court in the original action ordered dismissal under section 581a. Thus there was no possible room for resort to the rule applied in our case. The other decisions cited by appellant are even more clearly distinguishable.

Decree affirmed.

Kaufman, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 20, 1959.