[Civ. No. 19074. First Dist., Div. Two. Apr. 18, 1960.]

WILLIAM MULLER, Appellant, v. LELAH MULLER et al., Respondents.

William Muller, in pro. per., for Appellant.

Charles Reagh, in pro. per., for Respondents.

GOOD, J. pro tem.*—On January 9, 1953, plaintiff William Muller initiated an action for "cancellation of alleged forged deed; for cancellation of deed for fraud and deceit; to remove a cloud; and to quiet title." Defendants Lelah Muller and Charles Reagh filed answer on October 27, 1954, alleging defendant Muller to be the legal and equitable owner of the real property in question, and incorporating a copy of a prior judgment (Action No. 58211) quieting ,title thereto in said defendant. On July 11, 1955, defendants filed a memorandum to set the cause for trial and the court subsequently set trial for October 25, 1955. On October 20, 1955, defendants moved to abate the action until after the decision in the pending appeal from the above-mentioned judgment in Action Number 58211. The motion was granted. On June 5, 1958, plaintiff filed a memorandum to set the cause for trial. On October 24, 1958, defendants filed a notice of motion to dismiss based on section 583, Code of Civil Procedure (failure to bring action to trial within five years). Plaintiff thereupon filed "counter-notice" of motion to advance cause for trial and opposition to motion to dismiss. The court granted defendants' motion to dismiss on November 18, 1958. From this order plaintiff now appeals.

Despite its mandatory language, the courts have held section 583 to be subject to certain implied exceptions in addition to the ones expressed therein. "Thus, the time during which 'for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile' [case cited] must be excluded in computing the five-year period." (*J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 671 [343 P.2d 919]; also *Union Bond & Trust Co.* v. *M & M Wood Working Co.,* *ante,* p. 673 [3 Cal.Rptr. 920].)

---

*Assigned by Chairman of Judicial Council.

Respondents impliedly concede that the stay by way of abatement granted by the superior court on October 24, 1955, is such a period as the Penney court contemplated must be excluded in computing the five-year period. The records of the county clerk indicate that the remittitur in Action Number 58211 was filed in the Superior Court of San Mateo County on July 24, 1956, following denial of appellant's petition for a hearing by the Supreme Court. Thus the longest period of time which could possibly have been encompassed by the trial court's abatement order was this 270-day period. Adding 270 days to section 583's five-year period caused appellant's rights under this action, which he filed January 19, 1953, to expire on October 16, 1958. Respondents' motion to dismiss was therefore predicated upon a lapsed time in excess of the statutory period of five years.

Appellant contends that the minute order of October 24, 1955, abated the action for an *indefinite* period of time, and that an order of revivor was required to end it. However, the common-law plea in abatement does not exist as remedy or doctrine in this state. "Matter urged in abatement is a special defense, in the nature of a plea in abatement, by which the right of the plaintiff to maintain the action is suspended *until the objection is removed*" (1 Cal.Jur.2d 28 [emphasis added].) The minute order does characterize respondents' petition as a "motion . . . to abate action *until after decision of pending appeals* in No. 58211" and reflects the granting of this petition. (Emphasis added.) The contention that the period of abatement specified in the minute order lasted beyond the time when the appeal was pending is not sound.

Appellant also contends that to the five-year period (plus any period during which "for all practical purposes, going to trial would be impossible"), the court must add an additional number of days equal to the total number of holidays appointed by the president or by the governor during that five-year period. However true this may have been with regard to computations for periods prior to January 1, 1952 (see Code Civ. Proc., § 12a; *Laubisch* v. *Roberdo*, 43 Cal.2d 702 [277 P.2d 9]; 1 Stan.L.Rev. 564 [1949]), it is true no longer. The 1951 and 1955 amendments to section 12a dispose of appellant's contention and preclude extension in the manner claimed.

Appellant further maintains that he had a right to the three-year period during which, according to the pro-

visions of section 583, an action must be brought to trial following a remand on appeal. If such were applicable to the remittitur of July 24, 1956, respondents' motion to dismiss would have been premature. However, this provision expressly applies only to a new trial of an action in which judgment had been entered and an appeal taken with reversal and remand for new trial. The statutory language is clear and the limitation therein expressed is not subject to construction or interpretation.

Appellant contends that the present order to dismiss was grounded, not upon section 583, but rather upon the court's assertion that another action concerning appellant's title to the contested property was pending. The contention is irrelevant, as the operation of section 583 after a five-year delay is mandatory unless plaintiff can bring his case within one of the recognized exceptions. (*Adams* v. *Superior Court,* 52 Cal.2d 867 [345 P.2d 466].) The Adams case also answers appellant's argument that respondents have made no showing that one of the recognized exceptions to section 583's applicability does not exist. Clearly, the burden of proving such exception lies with the plaintiff.

Appellant's contention that section 583 is unconstitutional, in that it denies him the right to prosecute actions for the protection and preservation of his property, does not require extended comment. "A constitutional right is always subject to reasonable statutory limitations as to the time within which to enforce it, if the constitution itself does not provide otherwise. The power of the legislature to provide reasonable periods of limitation, therefore, is unquestioned, and the fixing of time limits within which particular rights must be asserted is a matter of legislative policy the nullification of which is not a judicial prerogative." (31 Cal.Jur.2d 430; *Rand* v. *Bossen,* 27 Cal.2d 61 [162 P.2d 457]; *Scheas* v. *Robertson,* 38 Cal.2d 119 [238 P.2d 982]; *Fontana Land Co.* v. *Laughlin,* 199 Cal. 625 [250 P. 669, 48 A.L.R. 1308].)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.