[Civ. No. 18933.   First Dist., Div. One.   May 9, 1960.]

WILLIAM MULLER, Appellant, v. COASTSIDE COUNTY WATER DISTRICT et al., Respondents.

William Muller, in pro. per., for Appellant.

Roy W. Seagraves for Respondent.

TAYLOR, J. pro tem.*—This is an appeal from an order made by the court on its own motion dismissing plaintiff's action for false arrest and malicious prosecution without prejudice for failure to serve the summons and complaint within three years after the commencement of the action, pursuant to section 581a of the Code of Civil Procedure. It is undisputed that the complaint was filed on December 30, 1955, and that the complaint and summons had not been served when the court made its order of dismissal with prejudice on January 12, 1959. The order was amended to read "without prejudice" on January 19, 1959.

■ The appellant's challenge to the constitutionality of section 581a of the Code of Civil Procedure on the grounds that it is unreasonable, discriminatory and violative of due process and the equal protection of the law is frivolous and without substance. Appellant cites no authority for such a proposition nor is any to be found.

■ The appellant's next contention that the court erred in dismissing the action on its own motion and without notice is also unmeritorious. Section 581a provides in part, "[A]ll actions . . . *must* be dismissed by the court . . . *on its own motion*, or on *the motion of any party interested therein* . . . unless the summons shall be served and return thereon made within three years after the commencement of said action. . . ." (Emphasis added.) The section is mandatory and the court can take the action without notice to either party. (*Ransome-Crummey Co.* v. *Wood,* 40 Cal.App. 355, 357 [180 P. 951].)

■ "Once the factors necessitating dismissal are brought to the attention of the trial court, it is the duty of that court to dismiss regardless of any participation in the dismissal procedure by either of the parties to the action." (*Rio Del Mar etc. Club* v. *Superior Court,* 84 Cal.App.2d 214, 220 [190 P.2d 295].)

---

*Assigned by Chairman of Judicial Council.

█ The appellant cites section 12a of the Code of Civil Procedure and argues that he is entitled to all intervening holidays in the computation of the three-year period. Section 12a provides, "If the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then such period is hereby extended to and including the next day which is not a holiday." The section then defines "holiday." There is no reference to *intervening holidays*. The three-year period required before section 581a could be invoked had clearly run.

The order of dismissal is affirmed.

Tobriner, Acting P. J., and Duniway, J., concurred.