[Civ. No. 20758. First Dist., Div. Two. May 27, 1963.]

E.S. HEWARD, Plaintiff and Appellant, v. FREDERIC CROMWELL, Defendant and Respondent.

E. S. Heward, in pro. per., for Plaintiff and Appellant.

Wallace, Garrison, Norton & Ray for Defendant and Respondent.

SHOEMAKER, J.—On November 27, 1951, E. S. Heward filed a complaint for money against Fred Cromwell and three other defendants. On July 8, 1954, default judgment was entered in Heward's favor against all four defendants in the amount of $9,024.32.

On July 1, 1955, Heward demanded that defendant Cromwell pay him the amount of the default judgment. Cromwell, who had previously been unaware of the judgment against him, then brought an independent action in equity to set aside the default judgment (see facts set forth in *Cromwell* v. *Heward* (1959) 169 Cal.App.2d 88 [337 P.2d 151]).

For a clear understanding of our determination, it is necessary to detail the proceedings in that equity action and the appeal therefrom. In that action, the court found that entry of the default judgment had been obtained by means of filing a false and fraudulent affidavit of service upon Cromwell; that Cromwell did not learn of the judgment against him until July 1, 1955, and had a sufficiently meritorious defense to entitle him to a trial of the issues in a proper adversary proceeding (*supra,* p. 89). The court further found that He-

ward was personally guilty of no fraud, and that he had had no contact with nor given any instructions to the process server (*supra,* p. 89). The decree set aside the default judgment and directed that the original action " 'should be permitted to proceed to trial upon the issues . . . upon . . . Cromwell filing his answer thereto, without further service.' " (*Supra,* pp. 89-90.)

Cromwell then appealed solely from that portion of the decree which required trial of the original action (*supra,* p. 90). It was his contention that the court was compelled to dismiss the original action because summons was not served within three years (Code Civ. Proc., § 581a) nor the action brought to trial within five years (Code Civ. Proc., § 583). The appellate court rejected this contention on the ground that Cromwell had waived his right to rely upon either of these code sections. In so holding, the court pointed out that Cromwell's complaint to set aside the default judgment contained no reference to Code of Civil Procedure, section 581a, or Code of Civil Procedure, section 583, and that the trial court had accordingly found only that Cromwell had not been served and that he did have a sufficiently meritorious defense to entitle him to a trial on the merits. The court stated, "Had the claimed bar to trial been asserted before decree, the court might well have determined that it would be inequitable to vacate the judgment merely to permit Cromwell to assert a somewhat technical bar to a debt properly due." (*Supra,* p. 90.) "In the circumstances here shown, we have no hesitancy in holding that Cromwell, in seeking the aid of equity to afford a trial upon the merits, has offered to waive his right to assert the bar of sections 581a and 583 to Heward's presentation of the merits of his case, Heward having been found to be without fault in securing the former judgment." (*Supra,* p. 91.) The court therefore affirmed the decree in its entirety. Remittitur was filed on May 26, 1959.

On August 25, 1959, Cromwell filed an answer to Heward's complaint for money. No further steps were taken in that action until April 5, 1962, when Heward filed a memorandum requesting that the cause be set for trial. On April 16, 1962, Cromwell filed a notice of motion to dismiss the action under Code of Civil Procedure, section 583, on the grounds that (1) dismissal of the action was *mandatory* for failure to bring the cause to trial within five years after the filing of the complaint, and (2) dismissal was *discretionary* for failure to

bring the cause to trial within two years of the filing of the complaint. On May 15, 1962, judgment was entered granting Cromwell's motion ''to dismiss plaintiff's action herein on the ground that said action had not been brought to trial within five years from the date of its inception. . . .'' Heward appeals from this judgment.

Our courts have repeatedly held that Code of Civil Procedure, section 583, is subject to certain ''implied exceptions'' which are applicable where the circumstances are such that it would be ''impracticable and futile'' to bring the action to trial within five years of the filing of the complaint. (*Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153]; *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740 [329 P.2d 489]; *J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 671 [343 P.2d 919]; *Muller* v. *Muller* (1960) 179 Cal.App.2d 815 [4 Cal. Rptr. 419].)

Under these authorities, the period from July 8, 1954 (when the default judgment was entered) to May 26, 1959 (when remittitur in the action to set aside the default judgment was filed in the superior court) cannot be considered a part of the five-year period during which appellant was required, under Code of Civil Procedure, section 583, to bring the action to trial. Even when this period is excluded, however, there still remains a total of 2,039 days between the filing of the complaint on November 27, 1951, and entry of the judgment of dismissal on May 15, 1962.[1]

Appellant asserts, however, that in *Cromwell* v. *Heward, supra,* the court held that respondent Cromwell had waived his right to rely upon section 583, and relying thereon, contends that that opinion sets forth the law of the case and must be adhered to throughout all subsequent proceedings, thus barring respondent from raising the statute as a bar to the proceedings in the trial court.

We do not agree. The decision in *Cromwell* v. *Heward* was entered on an appeal from the decree entered in an independent equitable action brought by respondent, and does not involve any determination in the action now before this court. Since the prior appellate decision was not rendered in the same action, it follows that the law of that case is not binding upon this court. (*Estate of Wickersham* (1908) 153

---

[1]The period from November 27, 1951, to July 8, 1954, is 954 days, and the period from May 26, 1959, to May 15, 1962, is an additional 1,085 days.

Cal. 603, 614 [96 P. 311]; *State* v. *Savings Union Bank etc. Co.* (1921) 186 Cal. 294, 297-298 [199 P. 26].)

 Appellant's second and final contention is that that portion of Code of Civil Procedure, section 583, which requires that an action be brought to trial within five years of the filing of the complaint, is not applicable to those cases which are covered by the final sentence of that section. That sentence provides as follows: ''When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court.'' Appellant, in relying upon this portion of the statute, asserts that he was not subject to the general five-year period set forth in the first part of the code section, but was entitled to an additional three years following the filing of remittitur on May 26, 1959, in *Cromwell* v. *Heward.*

Here again, appellant overlooks the fact that the appeal from the decree setting aside the default judgment was an appeal taken in a separate and independent proceeding and not an appeal from a prior judgment entered in the case now before this court. In *Muller* v. *Muller, supra,* the appellant similarly contended that the final sentence of Code of Civil Procedure, section 583, was applicable to an appeal taken in a related proceeding. The court rejected this contention, stating: ''. . . this provision [the final sentence of Code of Civil Procedure, section 583] expressly applies only to a new trial of an action in which judgment had been entered and an appeal taken with reversal and remand for new trial. The statutory language is clear and the limitation therein expressed is not subject to construction or interpretation.'' (P. 819.) This language is equally applicable to the instant case, and it is manifest that appellant was not entitled to an additional three-year period within which to bring this action to trial.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 24, 1963.