[No. D003701. Fourth Dist., Div. One. Sept. 23, 1986.]

WILLIS MARS EMBERTON et al., Plaintiffs and Appellants, v. COUNTY OF SAN DIEGO et al., Defendants and Respondents.

---

**COUNSEL**

Thacher, Hurst, Conaway & Zeidman and Dan Zeidman for Plaintiffs and Appellants.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, and Bruce W. Beach, Deputy County Counsel, for Defendants and Respondents.

## OPINION

BENKE, J.*—Plaintiffs Willis Mars Emberton, Phyllis Emberton and Emberton Machine and Tool, Inc. (Emberton) appeal a dismissal for failure to return summons within one year. (Rev. & Tax. Code, § 5147.)

### FACTS

On April 24, 1984, Emberton filed a complaint against the County of San Diego, the board of supervisors, the county assessor, the auditor/controller, the assessment appeals board and the county tax collector (County) for refund of county property taxes and injunctive relief.

The case was originally assigned to the El Cajon Municipal Court. However, County filed a request to transfer the case to superior court in San Diego. Immediately following its request to transfer the case, County filed a general denial.

Emberton filed no opposition to County's request to transfer, nor did he appear personally or through counsel at the hearing on the motion. The request to transfer was granted.

County then filed a motion to dismiss for failure to return summons within one year pursuant to Revenue and Taxation Code section 5147. The court granted County's motion to dismiss. Emberton appeals.

### DISCUSSION

Emberton attacks the constitutionality of Revenue and Taxation Code section 5147 which provides: "No [action for refund] hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all such actions hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any defendant therein unless the summons shall have been issued and served and the return thereon made within one year after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended."

### A

■ Emberton argues Revenue and Taxation Code section 5147 is unconstitutional as applied because its requirement of summons and proof of

---

*Assigned by the Chairperson of the Judicial Council.

service returned within one year bears no rational relationship to a legitimate state purpose where, as here, the defendant has answered the complaint. He also argues the statute violates due process because there is no countervailing state interest of sufficient magnitude to override his denial of access to the court.

Emberton cites no authority for his propositions and we have found none. However, identical arguments have been raised and summarily rejected with respect to the limitations expressed in Code of Civil Procedure[1] sections 581a[2] and 583[3] (now restated in § 583.110 et seq.). (See *St. Louis-San Francisco Ry. Co.* v. *Superior Court* (1969) 276 Cal.App.2d 762, 769 [81 Cal.Rptr. 705]; *Muller* v. *Muller* (1960) 179 Cal.App.2d 815, 819 [4 Cal.Rptr. 419]; *Muller* v. *Coastside County Water Dist.* (1960) 180 Cal.App.2d 712, 713 [4 Cal.Rptr. 832].) ■ These cases rest upon the basic principle that: "'A constitutional right is always subject to reasonable statutory limitations as to the time within which to enforce it, if the constitution itself does not provide otherwise. The power of the legislature to provide reasonable periods of limitation, therefore, is unquestioned, and the fixing of time limits within which particular rights must be asserted is a matter of legislative policy the nullification of which is not a judicial prerogative.'" (*Muller* v. *Muller, supra,* 179 Cal.App.2d at p. 819 (quoting 31 Cal.Jur. 2d 430; citing *Rand* v. *Bossen,* 27 Cal.2d 61 [162 P.2d 457]; *Scheas* v. *Robertson,* 38 Cal.2d 119 [238 P.2d 982]; *Fontana Land Co.* v. *Laughlin,* 199 Cal. 625 [250 P. 669, 48 A.L.R. 1308].) ■ This principle is clearly applicable within the context of Revenue and Taxation Code section 5147.

While the Legislature has elected to eliminate the return of service requirement from the successor statutes of sections 581 and 583, it did not so remove the requirement from Revenue and Taxation Code section 5147.

Clearly, by setting forth one-year service-and-return statutes in the area of property tax refunds, the Legislature has determined judicial action should

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2]Section 581a reads in relevant part: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, . . . unless the summons on the complaint is served and return made within three years after the commencement of said action, . . ."

[3]Section 583 reads in relevant part: "(a) The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. . . .

"(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

be even more expeditious in such cases than in other civil matters. (*Ford Motor Co.* v. *County of Tulare* (1983) 145 Cal.App.3d 688, 694 [193 Cal.Rptr. 511].) The filing of an answer in a particular case does not change this conclusion. In fact, the Legislature specifically rejected a "general appearance exception" to the one-year service and return deadline (*id.,* at p. 691), serving to underscore its intention that tax refund cases proceed expeditiously.

Moreover, in cases involving tax revenues, government entities have interests distinct from civil actions which do not involve public moneys. Such interests are manifest in that class of cases where, as here, delays in returning tax refunds will accrue interest at public expense.

It is thus in the public's best interest to assure the appropriate parties proceed as expeditiously as possible. Even if the return serves no purpose except as a device to eliminate cases after one year, it is a device which can find a reasonable basis in this need to act expeditiously. Moreover, the period within which the return service is required, i.e., one year, is unquestionably a reasonable period within which an individual bringing suit may be required to act.

Emberton also fails to demonstrate wherein Revenue and Taxation Code section 5147 is unreasonable as applied to him or that he has been denied an opportunity for a hearing. (See *St. Louis-San Francisco Ry. Co.* v. *Superior Court, supra,* 276 Cal.App.2d at p. 769.) Thus, there has been no denial of due process.

Moreover, given the fiscal impact upon governmental entities which underlies the refund statutory scheme, the one-year limitation is based upon practical considerations, and is applicable to all litigants. Thus the statute meets the test of equality under the same conditions and among persons similarly situated. It does not violate the equal protection clause.

## B

■ As an alternative theory, Emberton argues even if Revenue and Taxation Code section 5147 passes constitutional muster, County is estopped from applying it in this case because (1) it conducted itself in a manner indicating it was proceeding to trial and (2) it waited two months following the one-year period before it filed its dismissal motion.

Approximately two months after the complaint was filed, County requested the case be transferred to superior court. Significantly, this step was taken almost simultaneous with—four days before—the filing of County's answer.

The timing of the request to transfer reflects the motion to transfer was employed properly as a device to have the case *filed* and heard in what County considered to be the appropriate court. Moreover, it was filed early in the statutory period. Given these factors, the motion cannot be said to have "lulled" Emberton into failing to comply with his own filing requirements. Nor is there any evidence Emberton relied on County's actions. Indeed, it appears the motion had no effect whatsoever on Emberton. He failed to respond in writing to the motion to transfer, or even to make an appearance at the hearing on the motion.

Those cases which have applied the estoppel theory and thereby waive statutory filing periods have done so where the voluntary actions of the defendant have indicated an intent to submit the matter to trial on the merits. Thus, in *Synanon Foundation, Inc.* v. *County of Marin* (1982) 133 Cal.App.3d 607, 609 [184 Cal.Rptr. 129], estoppel was applied to bar dismissal under Revenue and Taxation Code section 5147, where the defendants filed an answer, answered interrogatories, complied with requests to produce, permitted filing of an at-issue memorandum and arranging of a trial setting conference, and filed their motion to dismiss two years after it was available.

Emberton's observation that County filed its dismissal motion two months after it could have done so does not strengthen his case. The two-month period cannot be said as a matter of law to be unreasonable. Moreover, even when viewed in combination with the filing of the request to transfer, there simply is no evidentiary support for the allegation County intended to proceed to trial or lull Emberton into believing it would.

DISPOSITION

The judgment is affirmed.

Work, Acting P. J., and Butler, J., concurred.

Appellants' petition for review by the Supreme Court was denied December 17, 1986.