Filed 1/18/22  George v. Williams CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| ELIZABETH L. GEORGE, Individually and as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOHN WILLIAMS et al., <br><br> Defendants and Appellants. | 2d Civil No. B309218 (Super. Ct. No. 56-2019-00535384-CU-BC-VTA) (Ventura County) |

Petrie and John Williams (the Williamses)[1] appeal from (1) the order denying their motions to set aside their default, and (2) the interlocutory judgment for partition of real property by sale.  (Code Civ. Proc., § 904.1, subd. (a)(2) & (9).)[2]

_____

[1] We refer to Petrie and John Williams by their first names for ease of identification.  No disrespect is intended.

[2] Subsequent undesignated statutory references are to the Code of Civil Procedure.

They contend the trial court: (1) violated their due process rights when it entered a default judgment against them, and (2) failed to properly establish the interest of each co-owner. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 2016, the Williamses asked Elizabeth George to help them purchase a single-family home in Ojai. They entered a written contract in which George agreed to loan them the funds for a down payment in the amount of $63,750. The Williamses agreed to pay interest only of seven percent for the first 12 months and 10 percent thereafter, plus a $1,725 "bonus" for "pain and suffering."

As provided in the contract, George made the down payment and purchased the property in her own name. She obtained a loan from a commercial lender for the balance, secured by a deed of trust. She then recorded a deed transferring a 99 percent interest to herself as trustee of the Elizabeth L. George Revocable Trust dated November 23, 1994, and one percent to Petrie, as tenants in common. They anticipated that Petrie would refinance the property and ultimately obtain ownership.

The Williamses paid only a portion of the interest due. They failed to make some of the mortgage payments, forcing George to make them. They did not repay any of the down payment or refinance the loan. George paid for needed repairs to the property.

In September 2019, Petrie recorded a deed transferring her one percent interest to herself, John, and George, as tenants in common.

In October 2019, both individually and as trustee, George filed a complaint against the Williamses for partition, breach of contract, and breach of the implied covenant of good

faith and fair dealing. Petrie was personally served with the summons and complaint on November 19. (§ 415.10.) John was served the same day by substituted service on Petrie, and the following day by mail. (§ 415.20, subd. (b).) The Williamses did not file a response.

On January 8, 2020, the court clerk entered a default against the Williamses. The same day, they were served by mail with the entry of default.

On August 5, George served the Williamses by mail with an application for entry of default judgment. The application was supported by George's declaration summarizing the facts and attaching copies of the contract and deeds.

On August 12, the Williamses filed motions to set aside the default. They declared that they did not receive the summons and complaint until March 15, when John found them in an abandoned car. They declared that a case management hearing set for March 27 was cancelled due to COVID-19, and that the court clerk told them they would receive notice of a new date, but no such notice was received.

On September 9, the trial court denied the motions for relief from default. The court ruled that the motions were filed beyond the six-month time limit of section 473, subdivision (b), and in any event, the Williamses "failed to act diligently and failed to seek relief within a reasonable time."

On October 16, the court found the property was owned by George, as trustee, as to a 99 percent interest; and by John, Petrie, and George as to the remaining one percent interest, as tenants in common. The court entered an interlocutory judgment ordering partition by sale and appointing a referee. The court ordered the Williamses to vacate the

3

property within 65 days.  The court ordered that George be paid from the sale proceeds "compensatory adjustments" for:  unpaid principal ($63,750), contractual "pain and suffering" ($1,725), unpaid interest ($7,268.75), unreimbursed mortgage payments ($13,175.24), and unreimbursed repair and remediation expenses ($35,195), for a total of $121,114.  After payment of costs, expenses, and the compensatory adjustments, 99 percent of the sale proceeds were ordered to be distributed to George as trustee, and one percent in equal shares to John, Petrie, and George.

## DISCUSSION

### *Default*

The Williamses contend the trial court erred when it entered the default judgment against them in violation of their right to due process.  There was no error.

We review an order denying a motion to set aside a default for abuse of discretion.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.)  However, "'a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.' [Citations.]"  (*Id.* at p. 980.)

By statute, an application for relief from default "shall be made within a reasonable time, in no case exceeding six months."  (§ 473, subd. (b).)  Because the application here was made more than six months after entry of the default, the court had no jurisdiction to grant relief pursuant to section 473. (*Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 735 & fn. 3.)  Nor does section 473.5, cited by the Williamses in their reply brief, entitle them to relief because the motion was served more than 180 days after service of notice of the entry of default.

4

In their reply brief, the Williamses rely on Ventura County Superior Court Administrative Order re: Implementation of Emergency Relief in Response to COVID-19 (Admin. Order No. 20.12).[3] Although issues raised for the first time in a reply brief are generally forfeited, "we exercise our discretion to address this argument because it is easily resolved." (*Sweetwater Union High School Dist. v. Julian Union Elementary School Dist.* (2019) 36 Cal.App.5th 970, 987.)

The administrative order, with exceptions not applicable here, closed the clerk's office from April 15 through May 12, 2020. It also provided: "For purposes of computing time for filing papers under Code of Civil Procedure §§ 12 and 12a, March [16], 2020, to May 12, 2020, inclusive, are deemed holidays . . . ." (Italics deleted.) In the order denying the motion to set aside the default, the trial court referred to a different, and later, administrative order and stated: "the temporary COVID Court closure ended with respect to filing papers on 6/10/20, yet Defendants waited over 2 months after the reopening of the Clerk's office to file these motions."

Section 12a, subdivision (a), provides: "If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday." The statute does not entitle the party to extend the applicable time limit based on intervening holidays occurring before the last day. (*Muller v. Coastside County Water Dist.* (1960) 180 Cal.App.2d 712, 714; *Muller v. Muller* (1960) 179 Cal.App.2d 815, 818.) Thus, the trial court correctly concluded

---

[3] We take judicial notice of Administrative Order No. 20.12 on our own motion. (Evid. Code, § 452, subds. (c), (d)(1).)

that the motions were not filed within the six-month period provided in section 473.

"After six months from entry of default, a trial court may still vacate a default on equitable grounds even if statutory relief is unavailable." (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 981.) "One ground for equitable relief is extrinsic mistake— a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits." (*Ibid*.) To establish extrinsic mistake, the defaulted party must: (1) "'demonstrate that it has a meritorious case,'" (2) "'articulate a satisfactory excuse for not presenting a defense to the original action,'" and (3) "'demonstrate diligence in seeking to set aside the default once . . . discovered.' [Citation.]" (*Id*. at p. 982.)

Here, the trial court properly concluded that the Williamses did not diligently seek to vacate the default. They were served with notice of entry of default on January 8. Even if the trial court credited their claim that they did not find the summons and complaint until March 15, they still waited almost five months before seeking relief from default. Information provided by the court clerk about the March 27 hearing did not excuse filing a timely motion for relief from default. Accordingly, the trial court did not err in denying relief from default on equitable grounds.

Finally, the Williamses contend they were denied their right to due process by the trial court's failure to hold a case management conference. (Cal. Rules of Court, rules 3.700, 3.720-3.722.) We reject this contention because they cite no authority to establish that a case management conference is required after a default has been entered, or that failure to hold such a conference denies due process.

### *Partition*

The Williamses contend the partition order is defective because the trial court failed to properly establish each co-owner's interest in the property. We disagree.

"On appeal, defendant may challenge the sufficiency of the evidence offered to support the default judgment." (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 288.) "The standard of review for an interlocutory judgment of partition is abuse of discretion." (*Cummings v. Dessel* (2017) 13 Cal.App.5th 589, 597.) Because the default interlocutory judgment here was supported by substantial evidence, the trial court did not abuse its discretion.

In an action for partition, the trial court determines the plaintiff's right to partition (§ 872.710), the interests of the parties in the property (§ 872.610), and the manner of partition (§§ 872.810-872.840). The court then issues an interlocutory judgment. (§ 872.720.) The court appoints a referee to divide or sell the property. (§§ 873.010, subd. (a), 873.210, 873.510, 873.790.) The court then orders the proceeds of sale disbursed (§ 873.810) and enters a judgment of partition (§ 874.210).

"[P]artition as to concurrent interests in the property shall be as of right." (§ 872.710, subd. (b).) As a tenant in common, George had "an absolute right to partition." (*Formosa Corp. v. Rogers* (1951) 108 Cal.App.2d 397, 409.)

The trial court did not err when it determined the interests of the parties in the property. Following a default, "[t]he court shall hear the evidence offered by the plaintiff, and shall render judgment in the plaintiff's favor for that relief, not exceeding the amount stated in the complaint . . . as appears by the evidence to be just." (§ 585, subd. (b).) The trial court

7

properly considered George's declaration and the contract and deeds attached to it.  (§§ 585, subd. (d), 2015.5; Cal. Rules of Court, rule 3.1800(a)(2) & (8).)  These documents established that Petrie, John, and George were tenants in common, and established their respective ownership interests.

As provided by statute, the trial court ordered that the proceeds of the sale be disbursed to pay the expenses of the sale and other costs of partition (§ 873.820, subds. (a) & (b)), "compensatory adjustment among the parties according to the principles of equity" (§ 872.140), and distribution of the residue based on their ownership interests (§ 873.820, subd. (d)).

The Williamses contend they did not breach the contract and did not violate the covenant of good faith because the contract did not include a termination clause and they made regular payments.  These arguments are unavailing because the trial court took no action regarding the breach of contract or breach of good faith causes of action.

The Williamses claim that George committed fraud and misled the court by representing that the loan had to be repaid within 12 months, not disclosing all the payments they had made, and recording title documents that gave them only a one percent interest in the property.  But they forfeited the right to present evidence or otherwise participate in the prove-up hearing because they defaulted.  (*Sass v. Cohen* (2020) 10 Cal.5th 861, 882.)  The purported fraud does not entitle them to relief because it relates to the intrinsic merits of the lawsuit rather than showing that they were prevented from participating in the lawsuit.  (*City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1067-1068.)

Based on the evidence before it, the trial court did not err in ordering partition by sale and distributing the proceeds in the manner provided.

## DISPOSITION

The interlocutory judgment is affirmed. Respondent shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


TANGEMAN, J.


We concur:


YEGAN, Acting P. J.


PERREN, J.


9

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____

John Williams and Petrie Williams, in pro. per., for Defendants and Appellants.

Ferguson Case Orr Paterson and Joshua S. Hopstone for Plaintiff and Respondent.