[Civ. No. 27618. Second Dist., Div. One. Dec. 23, 1963.]

HELEN J. BOYLE, Plaintiff and Appellant, v. ERWIN LAMPE, as Executor, etc., Defendant and Respondent.

William R. Walsh for Plaintiff and Appellant.

Stephens, Jones, La Fever & Smith and Carlton J. Peterson for Defendant and Respondent.

WOOD, P. J.—Defendant's demurrer to the three purported causes of action in the first amended complaint (except as to a portion of the third cause of action) was sustained without leave to amend. Plaintiff appeals from the judgment of dismissal entered upon the order sustaining the demurrer.

The first cause of action alleges: Defendant Lampe is the executor of the will of Charles W. Boyle, deceased. Decedent was indebted to plaintiff as follows: for the care, maintenance, medical and funeral expenses of decedent's mother, Mrs. Trautman; for the funeral expenses of decedent's brother, Harry Boyle; and for expenses of a trip made by plaintiff to California at the request of decedent in connec-

tion with funeral arrangements for decedent's wife. Decedent agreed to pay said indebtedness, but has failed to do so, and the amount due and unpaid is $20,305.11. Notice to creditors was first published on April 27, 1961. Plaintiff filed her creditor's claim for said amount with the clerk of the court on September 26, 1961, and said claim was rejected by the executor on October 2, 1961. A copy of the claim is attached to and made a part of the complaint.

The second cause of action alleges: Plaintiff realleges the allegations of the first cause of action. At all times material herein, plaintiff was, and is now, a resident of Ohio. The causes of action herein are based upon several oral contracts made and to be performed in Ohio. The law of Ohio controlling the rights of the parties is: (Here are quotations from the Ohio Code to the effect that the statute of limitations upon an oral contract is six years; and that if a payment has been made upon any demand ... the limitation is six years from such payment.) About January 1, 1941, Mrs. Trautman, mother of decedent, was destitute. Plaintiff orally agreed with decedent that she would take Mrs. Trautman into plaintiff's home and provide food, shelter, medical care, and clothing for her in return for decedent's oral promise to reimburse plaintiff therefor. From said date to April 20, 1957, when Mrs. Trautman died at the age of 96 years, she resided in plaintiff's home or in a rest home provided by plaintiff (except for four months). During said period of time from 1941 to 1957 decedent paid for Mrs. Trautman's care for four months only. After the funeral, decedent again orally promised to pay plaintiff for her services and expenses in connection with her services, but except as hereinafter alleged, he failed to pay the amount due. After the death of Mrs. Trautman on April 20, 1957, and within two years immediately preceding the filing of this action (on October 17, 1961), decedent paid to plaintiff $425 by delivery of two rings and at that time orally promised to pay all the money plaintiff had expended and for services rendered in caring for Mrs. Trautman, but he failed to make any further payments, and the entire amount heretofore alleged is due, except $620. (Allegations were also made regarding the law of Ohio with respect to the statute of limitations.)

The third cause of action alleges that plaintiff realleges the allegations of the first and second causes of action. Then plaintiff sets forth allegations which she denominates as Counts 1, 2, 3, and 4 of the third cause of action.

In such Count 1 plaintiff alleges the same oral contract

with decedent that is alleged in the first cause of action, and she alleges that she performed the contract, and that as a result of the contract the decedent became indebted to her in certain amounts for specified services and expenses in the total amount of $19,320 which is unpaid.

In such Count 2 it is alleged: About March 15, 1945, plaintiff and decedent made a contract whereby decedent agreed that if plaintiff would pay the expenses of the burial of decedent's brother Harry, decedent would repay her; she paid the expenses in the amount of $405.43, and recovered $150 of that amount from Social Security and Harry's sister, leaving an unpaid balance of $255.43, with interest thereon from March 15, 1945, or a total balance of $535.93.

In such Count 3 it is alleged: About October 30, 1959, plaintiff and her husband, at the request of decedent, traveled from Cleveland to Los Angeles to render services to decedent in connection with the funeral of Lorene Boyle, decedent's wife, in return for the oral promise of decedent Charles Boyle to pay such travel expenses, and decedent Charles Boyle became indebted to plaintiff therefor, with interest, making a total of $628.43 which is unpaid. (Defendant did not demur as to this so-called Count 3.)

In such Count 4 it is alleged: Within two years last past, prior to the commencement of this action, decedent Charles Boyle became indebted to plaintiff in the amount of $20,539.05 for services rendered and money advanced to him at his special instance and request; no part thereof has been paid except $620, leaving an unpaid balance of $19,919.05, with interest thereon from October 17, 1961.

Defendant executor demurred to the first amended complaint, except as to the so-called Count 3 of the third cause of action (re expenses for trip to Los Angeles for funeral of decedent's wife), on the grounds that a cause of action was not stated, and that said alleged causes of action or alleged counts are barred by the California statute of limitations, section 339, subdivision 1, and section 337, subdivisions 1 and 2, of the Code of Civil Procedure.

A minute order indicates that the demurrer was sustained on the ground that the causes of action were barred by said sections of the statute of limitations.

Both parties agree that the contract was made and performed in Ohio; that, under the law of Ohio, the cause of action did not accrue until the death of Mrs. Trautman on April 20, 1957; and that the Ohio statute of limitations for

an oral contract is six years from the accrual of the cause of action.

Appellant states that she recognizes that in order to enforce the Ohio contract in California, she must commence her action within two years after the accrual of the cause of action. She asserts that she did commence this action within the proper time, for the reason that on November 4, 1959, the decedent paid to her $425 on account (by delivery of the rings) and orally agreed that he would pay the balance, and that, according to Ohio law, if a partial payment has been made it creates a new contract or promise to pay, and an action may be commenced within six years after such payment. Appellant also asserts that, admittedly, a partial payment does not meet the requirements of section 360 of the California Code of Civil Procedure which provides that no acknowledgement or promise is sufficient evidence of a new or continuing contract unless the same is in writing and signed by the party to be charged. She contends, however, that since the United States Constitution requires that each state shall give full faith and credit to the laws of other states, the law of Ohio regarding partial payment should be followed, namely, the Ohio law that partial payment (to extend the statute) need not be accompanied by a written acknowledgement (which law is contrary to California law requiring a new acknowledgement or promise to be in writing and signed). In summary, plaintiff's position is that a cause of action upon the Ohio contract accrued April 20, 1957, when Mrs. Trautman died; that the partial payment, made on November 4, 1959, was made within two years prior to the commencement of this action on October 17, 1961; that, according to Ohio law, partial payment alone (without any acknowledgement in writing) was in effect a new contract or promise to pay and extended for six years the time within which an action could be commenced in Ohio; that since California should accord full faith and credit to the law of Ohio, the action which was commenced in California on October 17, 1961, was commenced within proper time in that it was commenced within two years after the creation of a new contract by partial payment in California on November 4, 1959.

Respondent (defendant) concedes that the California courts are required to apply the substantive law of Ohio with respect to this contract which was made and performed in Ohio, but he contends that a procedural matter in a court action in California is governed by the law of California and

that the application of the statute of limitations is a procedural matter.

Section 339, subdivision 1, of the California Code of Civil Procedure provides that the period prescribed for the commencement of an action upon a contract not founded upon an instrument in writing (other than a book account, account stated, etc.) is two years.

Section 360 of the Code of Civil Procedure provides: "No acknowledgement or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title [statute of limitations], unless the same is contained in some writing, signed by the party to be charged thereby, provided that any payment on account of ... a promissory note ... shall be deemed a sufficient acknowledgement ... to stop ... the running of the time within which an action may be commenced. ..."

The partial payment was made in California and no acknowledgement or promise, evidencing a new or continuing contract, was made or signed by the decedent. It appears that, according to Ohio law, a partial payment alone (without any acknowledgement in writing) creates a new contract or promise to pay and extends the statute of limitations six years. As above stated, appellant concedes that in order to enforce the Ohio oral contract in California she is required to commence her action within two years after the cause of action accrued, which accrual date she asserts was November 4, 1959, when the new contract was created by the partial payment (not the date of death of Mrs. Trautman on April 20, 1957). In other words, it seems that appellant concedes that the California two-year statute of limitations is applicable, but argues that the California courts, in applying that statute where a partial payment has been made in California, should follow the Ohio law that partial payment alone extends the statute of limitations, rather than to follow the California law that such partial payment alone does not extend the statute of limitations—but that an acknowledgement in writing evidencing a new promise is required in order to extend it.

"It is a principle of conflict of laws recognized in California that the barring of a claim by the statute of limitations is a procedural matter governed by the law of the forum, regardless of where the cause of action arose. [Citations.] It is a corollary that an action brought upon a judgment of a sister state is subject to the limitations prescribed

by the law of the state where the action is brought. [Citations.]'' (*Biewend* v. *Biewend*, 17 Cal.2d 108, 114-115 [109 P.2d 701, 132 A.L.R. 1264]; see also *State of Ohio* ex rel. *Squire* v. *Porter*, 21 Cal.2d 45, 47 [129 P.2d 691, 143 A.L.R. 1432].)

 In the present case, the partial payment in California on November 4, 1959, did not extend the time within which the action should be commenced in California. Since this action was not commenced within two years after the death of Mrs. Trautman on April 20, 1957, it is barred by the statute of limitations. (It is to be noted that the minute order and judgment stated in effect that the ruling was without prejudice to an action in an appropriate court.)

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.