Thomas D. Ireland, Maas, Ireland & Bruno, Charlotte Amalie, V. I., for appellee.

Before MARIS, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal by the defendants from a judgment for the plaintiff in a suit for damages for personal injuries resulting from an automobile accident which occurred about midnight on June 14, 1967 when an automobile owned by defendant Puerto Rican Cars, Inc. and being driven by defendant Rodger David east on Bournefield Road in St. Thomas collided with an automobile owned by the plaintiff and being driven by him from a westerly course on Bournefield Road in a right turn into a side road leading to his home. The evidence as to the manner in which the accident occurred was conflicting. The district court found that the plaintiff, who observed the defendant David's vehicle approaching some distance away, reasonably concluded that he would have ample opportunity to make his right turn, but that the defendant David, because he was proceeding at an excessive rate of speed, reached the intersection just as the plaintiff's vehicle was entering the side street, collided with it, causing dam-age to both cars and the personal injuries for which the plaintiff has brought suit.

The defendants urge on appeal that the court erred in finding them liable for the plaintiff's injuries. There is no merit in this contention. There was ample evidence to support the court's findings and we cannot say that they are erroneous. They in turn support the court's conclusion that the defendant David was guilty of negligence and that his negligence was the sole proximate cause of the injuries sustained by the plaintiff. The defendants also contend that the plaintiff was guilty of negligence in failing to observe the requirements of 20 V.I.C. § 495(b) to bring his motor vehicle to a full stop, change to low gear, sound the warning device and then proceed with due caution when crossing a main road beyond the town limits. As to this contention it is sufficient to point out that this statute applies only to a vehicle entering or crossing a main road from a side road. It does not apply to a vehicle leaving a main road by turning into a side road.

The judgment of the district court will be affirmed.

**Gene Owens HALL, Sr., et ux.,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 22253.

United States Court of Appeals
Ninth Circuit.

Feb. 25, 1969.

**850**

H. L. McChesney, (argued) of Goldman & McChesney, Missoula, Mont., for appellants.

Robert O'Leary, (argued), Asst. U. S. Atty., Moody Brickett, U. S. Atty., Butte, Mont., for appellee.

Before MADDEN,* Judge of the United States Court of Claims, and BROWNING and DUNIWAY, Circuit Judges.

## PER CURIAM:

On the night of July 24, 1963, a car driven by appellant Gene Hall collided with an Air Force tractor-trailer on Montana Highway 20. Mr. Hall sued for damages under the Federal Torts Claims Act, 28 U.S.C.A. § 1346(b), claiming negligence on the part of the Air Force driver. His wife sought damages for loss of consortium.

The district court found that the Air Force driver was negligent in obstructing the highway, but not wantonly or grossly so; and that Mr. Hall was negligent in driving at 45 to 50 miles an hour when his "visibility was limited either by defective lights or a failure to look." Mr. Hall was therefore denied recovery. Mrs. Hall's claim was also denied because, under the court's view of Montana law, the contributory negligence of the husband barred recovery by the wife for loss of consortium.

Appellants challenge the district court's findings of fact. After considering the record as a whole, we are satisfied that the findings are not "clearly erroneous." Fed.R.Civ.P. 52(a).

Mrs. Hall also contends that the district court erred in its interpretation of the Montana law as to whether a wife's claim for loss of consortium is barred by the husband's contributory negligence. A district court is better able than we to predict the way in which the courts of the state in which it sits would decide such a question of state law. We therefore accept the district court's determination unless it appears to us to be clearly wrong. Owens v. White, 380 F.2d 310, 315 (9th Cir. 1967); Minnesota Mut. Life Ins. Co. v. Lawson, 377 F.2d 525 (9th Cir. 1967). In this case it does not.

Affirmed.

* Honorable J. Warren Madden, sitting by designation.