Frieda **KLINGEBIEL** et al., Plaintiffs,

v.

**LOCKHEED AIRCRAFT CORPORA-TION, a California corporation, Defendant.**

**No. C–71 993 AJZ.***

United States District Court,
N. D. California.

Nov. 19, 1971.

Kirtland & Packard, Los Angeles, Cal., for defendant.

---

* And related cases in this court bearing numbers: C–71 994, C–71 995, C–71 1003 to C–71 1007, C–71 1322, C–71 1073, C–71 1271, C–71 1334, C–71 1523, C–71 1640, C–71 1657, C–71 1695, C–71 1740 to C–71 1742, C–71 2068, C–71 2069, and C–71 2118 to C–71 2122.

Belli, Ashe, Ellison, Choulos & Lieff, San Francisco, Cal., for plaintiffs in Nos.: C–71–993, C–71–994, C–71–995, C–71–1003, C–71–1006, C–71–1007, C–71–1073, C–71–1640, C–71–1657, C–71–1695, C–71–2068, C–71–2069, and C–71–2118 to C–71–2122.

Belli, Ashe, Ellison, Choulos & Lieff and Lieff, Alexander, Wilcox & Hill, San Francisco, Cal., for plaintiffs in Nos.: C–71–1004, C–71–1005, C–71–1322, C–71–1271, C–71–1334, C–71–1523, and C–7–1740 to C–71–1742.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT.

ZIRPOLI, District Judge.

These 26 cases are all wrongful death actions arising out of alleged defects in the F–104 Starfighter, a jet plane designed, manufactured and sold by defendant Lockheed Aircraft Corporation. Plaintiffs are the parents, wives and children of various members of the German Air Force whose deaths were allegedly caused by these defects. Defendant has made a motion to dismiss on the theory that the applicable California statute of limitations bars some of these actions. Plaintiffs oppose the motion on the theory that the longer German statute of limitations applies.[1] The parties agree that the court's selection of the applicable statute will apply to all the cases,[2] although the consequences to the individual plaintiffs of selecting any particular statute of limitations will necessarily vary from case to case.

The basis of defendant's motion is that the California one-year statute of limitations for wrongful death actions applies to these cases. The California Code of Civil Procedure provides:

§ 335.

*PERIODS OF LIMITATION PRESCRIBED.* The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:

§ 340.

Within one year:

1.   .   .   .

2.   .   .   .

3.   An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another . . . .

Defendant takes the position that the statute of limitations is "procedural," and the forum court must therefore apply it if a California state court would. If the court does so, the defendant argues, this statute would then bar the actions of any adult plaintiff who has not filed suit within one year after the date of death of plaintiff's decedent.[3]

Plaintiffs, on the other hand, take the position that the German statute of limitations applies.[4] Section 852 of the German Civil Code provides:

"The deadline of a claim for compensation of damages arising out of a

---

1. In the court's view, defendant properly raises the defense of limitations in a motion to dismiss. 2A Moore's Federal Practice ¶ 12.10, at 2313–16.

2. The deaths occurred in several countries, including Germany, Norway, Holland, Italy, France, and the United States. The parties have not suggested that either of their respective theories would admit of the conclusion that the applicable statute of limitations is *ipso jure* the statute of the place of injury. In the court's view, such a conclusion would be manifestly unsound, and, accordingly, the court does not consider that possibility.

3. Defendant concedes that application of the California statute does not bar minor plaintiffs from maintaining wrongful death actions since the California tolling statute also applies. See Cal.Code Civ.Pro. § 352.

4. The plaintiffs tentatively argue that California's choice of law rules would select German substantive law as the most appropriate law in terms of the "interests" of the various jurisdictions involved in this case. Reich v. Purcell, 67 Cal.2d 551, 63 Cal.Rptr. 31, 432 P.2d 727 (1967). The court does not now consider the question of what "substantive" law will in fact apply to these cases. The only question before the court is

tort is three years and begins when the person who has suffered damages learns about the damage and obtains information as to the identity of the person who is liable to make compensation but without regard to this knowledge the deadline is thirty years from the date the tort was committed."

Plaintiffs admit that prior to 1967, California courts uniformly characterized Section 340(3) of the Code of Civil Procedure as "procedural" and applied it to all wrongful death actions. However, plaintiffs argue that in Reich v. Purcell, 67 Cal.2d 551, 63 Cal.Rptr. 31, 432 P.2d 727 (1967), the California Supreme Court abandoned the principle of *lex loci delicti* for choice of the *lex causae*, and, consequently, abandoned the application of a "procedural" limitations period. From this premise, plaintiffs further argue that since plaintiffs did not discover the "identity of the person who is liable to make compensation" until shortly before suit was filed, the German limitations period applies, and no plaintiff is barred from maintaining his action.[5]

■ The positions of the parties to this litigation clearly delimit the question of law before this court. In Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953), the Supreme Court of the United States held that the forum state may apply its own statute of limitations to a foreign cause of action, although this court is of the view that neither *Wells* nor any other

authority requires the forum state to do so. Thus, in determining whether California's statute of limitations, applies to a foreign cause of action for wrongful death, this court must apply whatever rule of conflict of laws the state courts of California would follow. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

There is no question that Reich v. Purcell, *supra*, markedly changed the character of California's choice of law rules. In *Reich*, the California Supreme Court held that in a wrongful death action brought in California by residents of Ohio following an automobile accident in Missouri, defendant's liability should not be limited to the $25,000 maximum under Missouri law, where California had no interest in applying its own laws, which did not contain a statutory limitation of damages, and where the substantial interests of Ohio, also without a statutory limitation on damages, did not conflict with any substantial interest of Missouri. The significance of the case is the court's holding that "the law of the place of the wrong is not necessarily the applicable law for all tort actions brought in the courts of this state." 67 Cal.2d at 555, 63 Cal.Rptr. at 34, 432 P. 2d at 730. While the court agrees with plaintiffs' contention that the principle of "interest analysis" enunciated in *Reich* will probably lead to the application of German substantive law to their causes of action, the court does not

---

whether *Reich* compels the court to apply the German (or some other) "procedural" law as well.

5. Alternatively, plaintiffs contend that if the court does not accept their argument that the German statute of limitations applies, the applicable California statute is Section 338 of the California Code of Civil Procedure which provides a three-year limitations period for "an action upon a liability created by statute, other than a penalty or forfeiture." The court must reject this contention. *See* Aetna Casualty and Surety Co. v. Pacific Gas & Electric Co., 41 Cal.2d 785, 787, 264 P.2d 5, 6 (1953):

"No matter who may be the party plaintiff, the cause of action is one within the express terms of subdivision 3 of section 340 of the Code of Civil Procedure. That section is a special statute controlling the time within which any action covering such injury may be commenced, and it prevails over the general statute applicable to actions based on a 'liability created by statute.' (Code Civ.Proc., § 338, subd. 1.)"

*See also* Rubino v. Utah Canning Co., 123 Cal.App.2d 18, 266 P.2d 163 (1954).

agree that *Reich* requires this court to apply the German statute of limitations. The cases cited by plaintiffs do not support the assertion that the principle of "interest analysis" also applies to the choice of "procedural" law. *See, e. g.,* Ryan v. Clark Equipment Co., 268 Cal. App.2d 679, 74 Cal.Rptr. 329; Fuller v. Greenup, 267 Cal.App.2d 10, 72 Cal.Rptr. 531 (1968); Howe v. Diversified Builders, Inc., 262 Cal.App.2d 741, 69 Cal. Rptr. 56 (1968); Travelers Insurance Co. v. Workmen's Compensation Appeals Bd., 68 Cal.2d 7, 64 Cal.Rptr. 440, 434 P.2d 992 (1967). Rather, the viability of the dichotomy between "substantive" and "procedural" law is reinforced by the only post-*Reich* California case considering this question which the parties have brought to the attention of the court. In St. Louis-San Francisco Ry. Co. v. Superior Court, 276 Cal.App.2d 762, 767, 81 Cal.Rptr. 705, 708 (1969), the court of appeal observed:

> "Later California decisions have reflected the present view of the California Supreme Court that this state will no longer apply the *lex loci delicti* theory in solving conflict of laws problems . . . but will apply the substantive law deemed most appropriate in light of the significant interest in the particular case. However, if the matter is purely procedural the law of the forum must be applied since 'the forum does not adopt as its own the procedural law of the place where the tortious acts occur' . . . ."

Accordingly, if the court concludes that California's statute of limitations is procedural, it will apply to these cases.

■ The weight of authority compels this court to conclude that the statute is procedural, and thus it applies to the cases now before the court. Numerous California cases have held that the effect of the statute of limitations is procedural:

> "It is a principle of conflict of laws recognized in California that the barring of a claim by the statute of limi-

tations is a procedural matter governed by the law of the forum, regardless of where the cause of action arose." Biewind v. Biewind, 17 Cal.2d 108, 114, 109 P.2d 701, 705 (1941).

This principle has been repeatedly reiterated by the California state courts: see, e. g., Boyle v. Lampe, 223 Cal.App. 2d 715, 719, 35 Cal.Rptr. 910 (1963); Mills v. Mills, 147 Cal.App.2d 107, 305 P.2d 61 (1956); Grant v. McAuliffe, 41 Cal.2d 859, 864, 264 P.2d 944 (1953).

The federal courts sitting in California have heretofore taken the same view, as they must. In Costello v. Atlas Corp., 297 F.Supp. 19, 22 (N.D.Cal.1967), the court held:

> "Regardless of where the cause of action arises, California courts apply the California statute of limitations. . . . Accordingly, this Court must apply California's limitation statute to this action. McMillen v. Douglas Aircraft Co., 90 F.Supp. 670 (S.D.Cal.1950)."

In Zellmer v. Acme Brewing Co., 184 F. 2d 940 (9th Cir. 1950), the Ninth Circuit held the California one-year period applicable to a wrongful death action resulting from a Nevada accident brought in a federal court sitting in California. In so holding the court said:

> "While on settled principles substantive rights arising in one state are generally enforceable elsewhere, such right may be denied by statutory law of any forum. We are of the opinion that California Code of Civil Procedure § 340(3) limits to one year the time within which *any* wrongful death action, wherever accruing, can be commenced in California courts." *Id.* at 943.

The court rejected appellant's contention that the California legislature intended the one-year time limit to apply solely to causes of action for death arising in California. In commenting on appellant's contention that the limitation period of the *Nevada* statute was substantive (not merely procedural), the court observed that it did not follow from that

that appellant could prosecute her claim in another state at any time during such period notwithstanding that the limitations period of the other state was shorter. Even conceding that the substantive right still existed, the court could not concede that there was a remedy in a *California* forum. Following this reasoning obviates any need to determine the applicable limitations period of whatever foreign statute is relied upon by plaintiffs in this case.[6]

The court recognizes that the recent case of Horton v. Jessie, 423 F.2d 722 (9th Cir. 1970), adopted a "significant contacts" approach in holding that the California statute of limitations applied to bar a claim by Missouri residents against a California defendant arising out of a California automobile accident. In the face of the unequivocal California authority cited above, however, this court cannot place dispositive reliance on a brief per curiam opinion by the Ninth Circuit. Moreover, it appears to the court that the Court of Appeals would have reached the identical result in *Horton* under the traditional California rules; thus, it would hardly comport with this court's obligation under Erie R. R. Co. v. Tompkins, *supra,* to transmute *Horton* into an authoritative revision of California law.

Accordingly, the court concludes that Section 340(3) of the California Code of Civil Procedure applies to these cases.

The consequences of this holding for each of the plaintiffs in the 26 cases now pending before the court are set out in detail below:

C–71 993

Frieda and Henry Klingebiel filed suit on May 21, 1971, more than one year after their son's death on December 21, 1965. Their action is barred by the statute of limitations and is hereby dismissed.

C–71 994

Erna Westphal filed suit on May 21, 1971, more than one year after the death of her son on June 24, 1964. Her action is barred by the statute of limitations and is hereby dismissed.

C–71 995

Elizabeth Lehnert filed suit on May 21, 1971, more than one year after the death of her husband on December 6, 1965. Her action is barred by the statute of limitations and is hereby dismissed.

C–71 1003

Gerlinde Hippel, and her minor children, filed suit on May 24, 1971, more than one year after the death of plaintiffs' decedent on June 13, 1966. The widow's action is barred by the statute of limitations and is hereby dismissed. As to the minor children, the motion to dismiss is denied.

---

**6.** This apparently clear holding is muddied somewhat by a later opinion of the Ninth Circuit in which the court said:

"The general rule that the foreign period of limitations may not lengthen the period for suit in the forum has one exception. The foreign period of limitations may extend the limitations period applicable to similar actions in the forum if the cause of action originates in a foreign statute which makes the limitation an integral part of the right itself." Conner v. Spencer, 304 F.2d 485 (9th Cir. 1962) (dictum).

This observation was dictum and the later court indicated the conflict with the *Zellmer* holding.

The source of the *Conner* court's "exception" is apparently the view, held in some jurisdictions, that when a foreign statutory right (unknown to the common law) has a period of limitations included in the statute creating the right, "such a limitation is so intimately connected with the right that it must be enforced in the forum state along with the substantive right." Wells v. Simonds Abrasive Co., 345 U.S. 514, 517, 73 S.Ct. 856, 858, 97 L.Ed. 1211 (1953). In *Wells,* the Supreme Court noted this, but emphasized that the Full Faith and Credit Clause does *not* compel the forum state to use the period of limitation of a foreign state. Even if California recognizes this "exception," it does not appear to the court that it would apply to these cases.

C–71 1004

Monika Schuenemann, and her minor children, filed suit on May 24, 1971, more than one year after the death of plaintiffs' decedent on February 7, 1967. The widow's action is barred by the statute of limitations and is hereby dismissed. As to the minor children, the motion to dismiss is denied.

C–71 1005

Brigitta Hartung, and her minor child, filed suit on May 24, 1971, more than one year after the death of plaintiffs' decedent on June 15, 1965. The widow's action is barred by the statute of limitations and is hereby dismissed. As to the minor child, the motion to dismiss is denied.

C–71 1006

Margarete and Georg Tyrkowski filed suit on May 24, 1971, more than one year after the death of their son on January 25, 1962. Their action is barred by the statute of limitations and is hereby dismissed.

C–71 1007

Katharina and Ludwig Schroedl filed suit on May 24, 1971, more than one year after the death of their son on July 8, 1969. Their action is barred by the statute of limitations and is hereby dismissed.

C–71 1322

Brigitte Schiller, and her minor children, filed suit on July 9, 1971, less than one year after the death of plaintiffs' decedent on March 23, 1971. The motion to dismiss is denied.

C–71 1073

Heinz and Martha Matusche filed suit on June 3, 1971, more than one year after the death of their son on March 5, 1969. Their action is barred by the statute of limitations and is hereby dismissed.

C–71 1271

Ruth M. Klenk, and her minor children, filed suit on July 1, 1971, more than one year after the death of plaintiffs' decedent on June 11, 1968. The widow's action is barred by the statute of limitations and is hereby dismissed. As to the minor children, the motion to dismiss is denied.

C–71 1334

Margaretha Maria Von Imhoff, and her minor child, filed suit on July 12, 1971, more than one year after the death of plaintiffs' decedent on June 19, 1962. The widow's action is barred by the statute of limitations and is hereby dismissed. As to the minor child, the motion to dismiss is denied.

C–71 1523

Helga Sander, and her minor children, filed suit on August 11, 1971, more than one year after the death of plaintiffs' decedent on May 21, 1968. The widow's action is barred by the statute of limitations and is hereby dismissed. As to the minor children, the motion to dismiss is denied.

C–71 1640

Erica and Eduard Mildenberger filed suit on August 27, 1971, more than one year after the death of their son on September 18, 1968. Their action is barred by the statute of limitations and is hereby dismissed.

C–71 1657

Frieda and Paul Kienast filed suit on August 30, 1971, more than one year after the death of their son on May 27, 1966. Their action is barred by the statute of limitations and is hereby dismissed.

C–71 1695

Christel H. Arndt filed suit on September 2, 1971, more than one year after the death of her husband on August 15, 1966. Her action is barred by the statute of limitations and is hereby dismissed.

C–71 1740

Elfriede Groh, and her minor children, filed suit on September 9, 1971, more

than one year after the death of plaintiffs' decedent on April 16, 1965. The widow's action is barred by the statute of limitations and is hereby dismissed. As to the minor children, the motion to dismiss is denied.

#### C–71 1741

Gisela Edith Bernbeck, and her minor child, filed suit on September 9, 1971, more than one year after the death of plaintiffs' decedent on October 19, 1961. The widow's action is barred by the statute of limitations and is hereby dismissed. As to the minor child, the motion to dismiss is denied.

#### C–71 1742

Kaethe Dietrich, and her minor children, filed suit on September 9, 1971, more than one year after the death of plaintiffs' decedent on August 27, 1969. The widow's action is barred by the statute of limitations and is hereby dismissed. As to the minor children, the motion to dismiss is denied.

#### C–71 2068

Albert and Thea Fehring filed suit on October 27, 1971, more than one year after the death of their son on October 9, 1968. Their action is barred by the statute of limitations and is hereby dismissed.

#### C–71 2069

Dore and Bernhard Frye filed suit on October 27, 1971, more than one year after the death of their son on June 19, 1962. Their action is barred by the statute of limitations and is hereby dismissed.

#### C–71 2118

Lucia Roesner filed suit on November 3, 1971, more than one year after the death of her son on May 2, 1966. Her action is barred by the statute of limitations and is hereby dismissed.

#### C–71 2119

Dipl.-ing. Walter and Margarete Kaupsch filed suit on November 3, 1971, more than one year after the death of their son on November 28, 1966. Their action is barred by the statute of limitations and is hereby dismissed.

#### C–71 2120

Heidrum Prinz filed suit on November 3, 1971, more than one year after the death of her husband on October 9, 1968. Her action is barred by the statute of limitations and is hereby dismissed.

#### C–71 2121

Joseph and Berta Weiher filed suit on November 3, 1971, more than one year after the death of their son on December 23, 1965. Their action is barred by the statute of limitations and is hereby dismissed.

#### C–71 2122

Ursula Elbertzhagen filed suit on November 3, 1971, more than one year after the death of her husband on April 17, 1968. Her action is barred by the statute of limitations and is hereby dismissed.

■ Defendant has also made a motion for a more definite statement of the wrongful death statute upon which plaintiffs base their actions. This motion is denied, and the defendant is directed to file a responsive pleading within 30 days. At an appropriate time the court will receive briefs from the parties on the question of what substantive law should apply to these cases.

In conformity with the foregoing opinion, it is hereby ordered that defendant's motion to dismiss is granted as specified above.

It is further ordered that defendant's motion for a more definite statement is denied.

This order bears the title of the action with the lowest court file number and the court file numbers of all related actions solely as a matter of convenience to the court and counsel.

A duplicate of this order shall be filed in each of those actions, shall have the same effect as an original hereof, and shall apply only to the action in which it is filed.