**Frieda KLINGEBIEL and Henry Klingebiel et al., Plaintiffs-Appellants,**

v.

**LOCKHEED AIRCRAFT CORPORATION, a California corporation, Defendant-Appellee.**

**No. 72–1160 \*.**

United States Court of Appeals, Ninth Circuit.

Feb. 20, 1974.

\* Together with appeals in the following cases:

72–1161 through 72–1184
72–2716 through 72–2722
72–2793 through 72–2796
72–3191 through 72–3193
72–3065
72–3066.

Wright, Circuit Judge, concurred specially with opinion.

Jonathan J. Wilcox (argued), of Belli, Ashe, Ellison, Choulos & Lief, Robert L. Lieff, of Lieff, Alexander, Wilcox & Hill, San Francisco, Cal., for plaintiffs-appellants.

Jacques E. Soiret (argued), Robert E. Moore, Jr., of Kirtland & Packard, Los Angeles, Cal., for defendant-appellee.

## OPINION

Before DUNIWAY, HUFSTEDLER and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge:

These are diversity actions in which we are required to apply the law of California.[1] All of them are actions for wrongful death of foreign nationals occurring abroad or elsewhere in the United States. The sole question presented is whether the district court was correct in applying the California Statute of Limitations.

In considering such a question, we apply two principles. The first is that the duty of the federal court is to ascertain and apply the existing California law,[2] not to predict that California may change its law and then to apply the federal court's notion of what that change might or ought to be.[3] The proper fora in which to seek to change California law are the California legislature and the California courts, not the federal courts. Only when the question has not been decided in California do we

---

1. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188.

2. Decisions of the California Courts of Appeal are to be followed by a federal court where the Supreme Court of California has not spoken on the question, "in the absence of convincing evidence that the highest court of the state would decide differently." Stoner v. New York Life Ins. Co., 1940, 311 U.S. 464, 467, 61 S.Ct. 336, 338, 85 L.Ed. 284, and cases cited.

3. ". . . [T]he proper function of the . . . federal court is to ascertain what the state law is, not what it ought to be." Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 497, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477.

have the doubtful privilege of "first guessing" what the California courts might do. This is not such a case. The second is that in doubtful cases, we defer to the judgment of the local judge, who knows at least as much about the law of his state as we do.[4]

 In these cases, District Judge Zirpoli, in a careful opinion, held that the California statute is applicable under California conflict of laws rules.[5] Klingebiel v. Lockheed Aircraft Corp., D.C.N.D.Cal., 1974, 372 F.Supp. 1086.

We think that Judge Zirpoli is right[6] and affirm for the reasons stated in his opinion.

Each of the judgments appealed from is affirmed.

WRIGHT, Circuit Judge (concurring specially):

I concur in the result, but not for the reasons stated in the district court's opinion. I believe that California's new interest balancing approach to conflict of laws problems, announced in Reich v. Purcell, 67 Cal.2d 551, 63 Cal.Rptr. 31, 432 P.2d 727 (Cal.1967), was intended to be applicable alike to substantive and procedural choice of law problems. This conclusion is not based on a prediction that California will change its law to this effect but rather on a belief that the reasoning in *Reich* dictates it. I also believe that such a conclusion is dictated in this Circuit by Horton v. Jessie, 423 F.2d 722 (9th Cir. 1970).

---

4. *See, e. g.,* Turnbull v. Bonkowski, 9 Cir., 1969, 419 F.2d 104, 106, and cases cited; Hall v. United States, 9 Cir., 1969, 407 F.2d 849, 850, and cases cited; Ford v. International Harvester Co., 9 Cir., 1968, 399 F.2d 749, 752.

5. Under Erie R. Co. v. Tompkins, *supra,* California conflict of law rules are to be applied. Klaxon Co. v. Stentor Electric Mfg. Co., *supra,* 313 U.S. at 496, 61 S.Ct. 1020.

Applying an interest balancing approach to the particular facts of this case, I conclude that California would apply its own statute of limitations and dismiss the action.

---

6. Judge Zirpoli stated that Horton v. Jessie, 9 Cir., 1970, 423 F.2d 722, "adopts a 'significant contacts' approach" in applying the California statute of limitations. *Horton* was not an attempt at an "authoritative revision of California law." In *Horton* we did not reach the issue of whether or not the substance-procedure dichtomy was still viable in California. There was no need to do so because it was clear that regardless of the approach taken the California statute of limitations applied.