KRICAR, INC., an Oregon Corporation,
Plaintiff-Appellant,

v.

GENERAL ACCIDENT, FIRE AND LIFE
ASSURANCE CORPORATION, LTD., a
corporation, Defendant-Appellee.

No. 75–1864.

United States Court of Appeals,
Ninth Circuit.

Oct. 12, 1976.

Ernest W. Lundeen (argued), Eugene, Ore., for plaintiff-appellant.

John Gordon Gearin (argued), of Gearin, Landis & Aebi, Portland, Ore., for defendant-appellee.

Before MERRILL, TRASK and CHOY, Circuit Judges.

PER CURIAM.

Kricar, Inc. (Kricar) owns a tavern and is insured by General Accident, Fire and Life Assurance Corporation, Ltd. (General) for $100,000. An accident occurred at Kricar's tavern and General assumed Kricar's defense in Oregon state court. General refused an offer by the injured party to settle within the policy limits, after which the injured party obtained a judgment against Kricar of approximately $300,000, considerably in excess of the policy limits.

Kricar instituted this suit against General for the difference between the policy limits and the judgment, plus consequential damages for loss of business profits and punitive damages. While Kricar's action was pending, General settled with the injured party and satisfied the judgment against Kricar, granting Kricar a full release. Having satisfied this judgment in full, General then asked for, and was granted, summary judgment in the instant action. Notwithstanding the satisfaction of judgment, Kricar continued to assert the right to recover consequential and punitive damages. On appeal, Kricar also requests attorneys' fees. Jurisdiction in the court below was based upon diversity of citizenship, 28 U.S.C. § 1332. The applicable substantive law is that of the state of Oregon.

██ In Oregon, there is no absolute duty imposed on an insurer to settle within the amount of the policy. Rather, an action against an insurer will lie when its refusal to settle was made in bad faith, which means, in essence, that the insurer placed its own interests above those of the insured. The insurer must behave as if it were liable for the entire judgment which might be rendered. *Radcliffe v. Franklin National Insurance Company of New York*, 208 Ore. 1, 47, 298 P.2d 1002, 1023 (1956). In Oregon, unlike many jurisdictions, an action against an insurer for refusal to settle within the policy limits is considered to be a contract action. *Groce v. Fidelity General Insurance Company*, 252 Ore. 296, 312, 448 P.2d 554, 561 (1968).

██ General's satisfaction of the entire judgment negates any finding of bad faith. General did behave as if it were liable for the entire judgment which was rendered. Since Kricar's action for compensatory damages fails, the request for consequential and punitive damages must also fail. *Belleville v. Davis*, 262 Ore. 387, 405, 498 P.2d 744, 752 (1972).

Nor is Kricar entitled to attorneys' fees in this action under Ore.Rev.Stat. § 743.114,[1] as interpreted in *Groce v. Fidelity Insurance Company, supra*. There, the plaintiff, the injured party, received an assignment of a cause of action from the insured, who was bankrupt, after the insurer refused to settle for the full amount of the policy. The jury returned a verdict in excess of the policy limits, and on appeal, the court held that attorneys' fees should have been awarded under the above statute.

---

1. The statute reads:

"(1) If settlement is not made within six months from the date proof of loss is filed with an [insurance company] * * *, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such [suit of] action, then the plaintiff, [in addition to the amount that he may recover, shall be allowed and] shall recover as part of his judgment such additional sum as the court [or jury] may adjudge to be reasonable as attorney['s] fees.

"(2) If attorney fees are allowed as [herein] provided in this section and on appeal to the Supreme Court by the defendant the judgment is affirmed, the Supreme Court shall allow to the respondent such additional sum as the court shall adjudge reasonable as attorney fees of the respondent on such appeal."

"The statute," the court noted,

"no doubt was drawn in contemplation of the type of claim ordinarily made by means of a 'proof of loss' form and for one reason or another denied by the insurer. The language of the statute, however, is broad enough to permit recovery of attorney fees in a case of the type we have here." 448 P.2d at 561.

■ The statute is thus directed toward a claimant seeking indemnification for his own injuries, rather than one who seeks indemnification because a third-party plaintiff has obtained a judgment against him. Attorneys' fees were awarded in *Groce* to make the plaintiff whole when the insurer had in bad faith refused to settle within the limits of the policy.

■ Because we find no bad faith refusal to settle here, we find no authority for an award of attorneys' fees in Ore.Rev.Stat. § 743.114 or in *Groce*. In the absence of controlling Oregon authority, we are not inclined to extend the principles of *Groce* to a claimant in Kricar's position. *Klingebiel v. Lockheed Aircraft Corporation,* 494 F.2d 345, 346–47 (9th Cir. 1974).

Summary judgment was thus properly granted, there being no genuine issue as to any material fact and General being entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

AFFIRMED.