NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELORES HUMES; DIANE ABELLA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>FIRST STUDENT, INC.,<br><br>Defendant-Appellee. | No. 17-17072<br><br>D.C. No. 1:15-cv-01861-BAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted December 21, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and MÁRQUEZ[**] District Judge.

Named plaintiffs Delores Humes and Diane Abella (collectively "Humes")

filed suit in state court on behalf of a putative class of First Student, Inc. ("First

Student") bus drivers who worked out of a Fresno location and allegedly suffered a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

range of state labor violations. The district court denied class certification in full. Humes appeals only the denial of the fourth subclass ("the Subclass"), Fresno drivers who received deficient wage statements in violation of California Labor Code § 226 "at any time from October 28, 2011, and continuing to the present." Because the district court provided no explanation as to why it denied certification of the Subclass, "the class certification decision 'is not entitled to the traditional deference given to such a determination.'" *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010) (quoting *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1161 (9th Cir. 2001)).[1]

**1.** The Subclass easily meets the commonality requirement of Federal Rule of Civil Procedure 23(a)(2)—that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The putative class members' "claims . . . depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). To meet this

---

[1] On appeal, First Student does not argue that the Subclass fails to meet Rule 23's adequacy of representation or numerosity requirements, so we do not address those requirements here.

standard, the class members must not only "have all suffered a violation of the same provision of law" but must "have suffered the same injury." *Dukes*, 564 U.S. at 350.

There is no question that all class members' claims "depend upon [the] common contention," *id.*, that First Student provided deficient wage statements in violation of § 226. The harder question is whether all putative members suffered the same injury.

A 2013 amendment to the California Labor Code clarified that "an employee is *deemed to suffer injury* for purposes of [§ 226] if the employer fails to provide accurate and complete information as required" and "the employee cannot promptly and easily determine from the wage statement alone" the mandated disclosures. Cal. Lab. Code § 226(e)(2)(B)(i) (emphasis added). The Subclass includes claims that arose prior to 2013. But the two divisions of the state Court of Appeal that have considered the question concluded that the 2013 amendment clarified existing law and thus is applicable to pre-2013 cases brought pursuant to § 226. *See Lopez v. Friant & Assocs., LLC*, 15 Cal. App. 5th 773, 783-84 (App. 1st 2017); *Lubin v. Wackenhut Corp.*, 5 Cal. App. 5th 926, 959 (App. 2d 2016); *cf. McClung v. Emp't Dev. Dep't*, 34 Cal. 4th 467, 471-73 (2004). Federal courts "must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently."

*Stoner v. N.Y. Life Ins. Co.*, 311 U.S. 464, 467 (1940); *see also Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346 n.2 (9th Cir. 1974). As we have no such evidence, we adopt the interpretation of the law endorsed by the state Courts of Appeal.

Because the amendment applies to all class members' claims, all members will "have suffered the same injury." *Id*. As a result, there are "questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), and Rule 23(a)(2) is satisfied.

**2.** For similar reasons, the proposed Subclass meets the typicality requirement of Rule 23(a)(3). A proposed class merits certification where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F. 2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D. Cal. 1985)); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1101, 1020 (9th Cir. 1998). Because class members are deemed injured by the receipt of a deficient wage statement, Humes has alleged class-wide injury suffered by all, including the named plaintiffs, and thus has established typicality sufficient for class certification.

4

**3.** Humes contends that the proposed class satisfies Rule 23(b)(3), which requires both that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Where key aspects of the claims of each class member "will prevail or fail in unison," Rule 23(b)(3) is satisfied because "[i]n no event will the individual circumstances of particular class members bear on the inquiry." *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013); *see also Hanlon*, 150 F.3d at 1022. Reviewing a similar class certification denial, this court in *Sali v. Corona Regional Medical Center* explained that "[b]ecause the Code specifies that a violation of § 226 is a per se injury, there is no individualized issue of [injury]" for purposes of predominance. 909 F.3d 996, 1011 (9th Cir. 2018). *Sali* controls here on the predominance issue.

**4.** In its supplemental briefing, First Student raised for the first time the possibility that some putative members' claims might be time-barred. Claims for statutory penalties pursuant to § 226(e) are subject to a one-year statute of limitations. Cal. Civ. Proc. Code § 340(a). But Subclass members' claims for other remedies available under § 226 —including actual damages and injunctive relief— are not. Because these matters were raised only briefly in supplemental briefing, we decline to resolve them at this juncture. Instead, we remand to the district court

to determine the proper time limitations, if any, applicable to members of the Subclass, and, if appropriate, to redefine the Subclass so that it is limited to individuals with non-time-barred claims.

**REVERSED and REMANDED**