FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEI LI, an individual; STRONG WEALTH INVESTMENT LIMITED, a British Virgin Islands Company; PACIFIC SMILE LIMITED, a British Virgin Islands Company, | No. 24-2531 |
| | D.C. No. 4:19-cv-05836-JSW |
| *Plaintiffs - Appellants*, | |
| v. | ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA |
| ARCSOFT, INC., a California Corporation; MICHAEL DENG, an individual, | |
| *Defendants - Appellees*, | |
| and | |
| DANIEL MACKEIGAN, an individual, TIMOTHY LIN, an individual, | |
| *Defendants*. | |

LEI LI; STRONG WEALTH INVESTMENT LIMITED; PACIFIC SMILE LIMITED,

　　　　*Plaintiffs - Appellees*,

　v.

ARCSOFT, INC.; MICHAEL DENG,

　　　　*Defendants - Appellants*.

No. 24-2964

D.C. No.
4:19-cv-05836-JSW

Filed December 3, 2025

Before: Mary H. Murguia, Chief Judge, Danielle J. Forrest, Circuit Judge, and Raner C. Collins, District Judge.[*]

## SUMMARY[**]

### Certification to California Supreme Court

The panel certified to the California Supreme Court the following question:

---

[*] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

> Do the appraisal requirements of California Corporations Code § 1312(a) and the California Supreme Court's decision in *Steinberg v. Amplica, Inc.*, 729 P.2d 683 (Cal. 1986) (Mosk, J.), preclude a shareholder from seeking buyout-related damages when the facts leading to the shareholder's cause of action were not known until after the buyout was consummated.

## ORDER

In this case, we are asked to determine whether the appraisal requirements imposed by California Corporations Code § 1312(a) and the California Supreme Court's decision in *Steinberg v. Amplica, Inc.*, 729 P.2d 683 (Cal. 1986) (Mosk, J.), preclude a shareholder from seeking buyout-related damages when the facts leading to the shareholder's cause of action were not known until after the buyout was consummated. This state-law question is determinative of this case, and there is no controlling precedent from the California Supreme Court. *See* Cal. R. Ct. 8.548(a). For this reason, we respectfully certify this question of law to the California Supreme Court under California Rule of Court 8.548.

## I. Background

Defendant-Appellee ArcSoft, Inc., was founded by Michael Deng in 1994. Though its products have varied, today it is primarily known for creating software that enables personal cellular devices to process images, including facial-recognition technology. Marc Chan was one of ArcSoft's

early investors. Although Chan was deeply engaged with ArcSoft's operations for many years, by the mid-2000s he had personally ceased to hold any shares in the company. He instead transferred his shares to two shell companies—Strong Wealth Investment Ltd. and Pacific Smile Ltd.—and his wife, Lei Li, who are the plaintiffs-appellants in this dispute.

Amid consistently lackluster performance by ArcSoft in the early 2010s, Deng was approached by a major Chinese institutional investor, Huatai Securities Co., which expressed interest in facilitating an ArcSoft IPO in China. In 2017, based on Chinese accounting principles, Huatai valued ArcSoft at the equivalent of $680 million U.S. dollars. This favorable valuation was the basis for plans developed between Deng and Huatai for reorganizing ArcSoft. A condition of Huatai investing in ArcSoft was for Deng to secure a buyout of ArcSoft's existing shareholders.

In his efforts to persuade ArcSoft's directors and shareholders to consent to a buyout, Deng withheld information about the ongoing negotiations with Huatai and the state of ArcSoft's finances, which had improved considerably in the months leading up to voting. He also failed to provide a fairness opinion. *See* Cal. Corp. Code § 1203(a)(2) (2016). Based on the incomplete information they had available to them, ArcSoft's shareholders approved a $150 million buyout of ArcSoft on October 17, 2017—considerably lower than Huatai's $680 million valuation less than a year earlier. Li and the shell companies received a combined $14.22 million for their shares.

Through Deng's efforts, in 2019, ArcSoft had an IPO on China's "STAR Market," a new science-and-technology-focused stock exchange. Li and the shell companies later

sued ArcSoft and Deng in the Northern District of California, alleging that ArcSoft and Deng had damaged them through: (1) fraud, deceit, and concealment; (2) breach of fiduciary duty; and (3) breach of contract.

At summary judgment, ArcSoft and Deng argued that Li and the shell companies were barred from recovery under California Corporation Code § 1312(a). The district court rejected ArcSoft and Deng's argument, finding that California courts recognize a non-statutory exemption to § 1312(a) where plaintiffs did not know about the alleged fraud until after the buyout. The case proceeded to trial, and ArcSoft and Deng sought judgment as a matter of law on their § 1312(a) argument, which the district court reserved ruling on. The jury ultimately found in favor of plaintiffs as to: (1) negligent misrepresentation, (2) fraudulent concealment, and (3) breach of fiduciary duty, and awarded Plaintiffs $9.7 million in compensatory damages. The jury also found that Li and the other plaintiffs were unaware of ArcSoft and Deng's tortious conduct until after the buyout. ArcSoft and Deng then renewed their motion for judgment as a matter of law, which the district court denied because it continued to reason "that California courts are likely to permit" a non-statutory exception for cases where the facts underlying the fraud were unknown to plaintiffs until after the transaction. The district court entered judgment on March 5, 2024. The parties timely cross appealed. *See* Fed. R. App. Proc. 4(1)(A), 4(a)(4)(A)(i).

## II. Explanation for Certification

Section 1312(a) of the California Corporations Code provides that "[n]o shareholder shall have any right at law or in equity to attack the validity of the reorganization or short-form merger, . . . except in an action to test whether the

number of shares required to authorize or approve the reorganization have been legally voted in favor thereof," subject to two limited exceptions, neither of which is implicated here. The question presented by this case is whether there is an *additional* exception, not identified in the text of the statute, for situations in which a shareholder does not become aware of the basis for an "attack on the validity of the reorganization or short-form merger" until after the reorganization or short-form merger has been consummated. Because existing precedent does not answer this state-law question and the policy balancing implicit in crafting such an exception is complex, we have elected to certify this matter rather than answer it ourselves.

The California Supreme Court most recently addressed the meaning of § 1312(a) in *Steinberg v. Amplica, Inc.*, 729 P.2d 683 (Cal. 1986) (Mosk, J.). There, the court held that § 1312(a) limits a minority shareholder's remedy in a merger or reorganization to seeking an appraisal.[1] *See id.* at 694. Section 1312(a), it explained, reflects a deliberate effort on behalf of the state to balance "the need to deter misconduct by corporate insiders against the risk that desirable corporate changes will be hampered by minority stockholders who seek to exercise leverage for their own aggrandizement." *Id.* (citation omitted). The court did not foreclose the possibility that there is a non-statutory exception to § 1312(a) for a shareholder who does not become aware of a manager's unlawful conduct until after the fact, but it also did not endorse such an exception. *See id.* Instead, it simply "conclude[d] that at least in a case . . . where the plaintiff was aware of all the facts leading to his cause of action . . .

---

[1] The challenged "merger" or "reorganization" here was the Deng group's buyout of ArcSoft's shareholders on October 17, 2017.

but deliberately opted to sue for damages instead of seeking appraisal, section 1312(a) acts as a bar." *Id.*

In the aftermath of *Steinberg*, the California Courts of Appeal have noted that the non-statutory exception remains an "open" question. *See Singhania v. Uttarwar*, 38 Cal. Rptr. 3d 861, 869 (Cal. App. 2006) ("[I]n *Steinberg*, . . . the California Supreme Court . . . left open the question whether a nonstatutory exception to section 1312, subdivision (a), might exist for a damages action based upon misconduct of which a shareholder was unaware prior to consummation of a merger."). With only one partial exception, they have never recognized such an exception. That partial exception comes from a single unpublished California Court of Appeal decision, which appears to have relied on a misreading of an earlier California Court of Appeal decision. *See Max v. 8E6 Corp.*, No. B307406, 2022 WL 909907, at *12–13 (Cal. App. April 27, 2022) (citing *Busse v. United PanAm Fin. Corp.*, 166 Cal. Rptr. 3d 520, 533 (Cal. App. 2014)). Though we have sometimes been willing to rely in part on unpublished decisions as evidence supporting a particular reading of California law in limited instances, *e.g.*, *Employers Ins. of Wasau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003), we are also sensitive to the concern that unpublished decisions of the California Courts of Appeal may not be cited as authority in state court, Cal. R. Ct. 8.1115(a)–(b).

Further complicating matters, one decision from the California Courts of Appeal pre-dating *Steinberg*, *Sturgeon Petroleums, Ltd. v. Merchants Petroleum Co.*, held that there is no non-statutory exception to § 1312(a) under any circumstances. 195 Cal. Rptr. 29, 32–33 (Cal. App. 1983). *Steinberg*, moreover, cited *Sturgeon* as good authority and

rejected an effort by the plaintiff to have the latter case overturned. *Steinberg*, 729 P.2d at 685, 692–93.

Other states have recognized non-statutory—presumably equitable—exceptions to similar statutes. In *Cede & Co. v. Technicolor, Inc.*, for example, the Delaware Supreme Court recognized that a shareholder who challenges a merger based on later-discovered fraud is not barred from litigating the claim by the state's equivalent of § 1312(a). 542 A.2d 1182, 1188 (Del. 1988). As it explained, "policy considerations militate against foreclosing a shareholder electing appraisal rights from later bringing a fraud action based on after-discovered wrongdoing in the merger," for "only shareholders pursuing discovery during an appraisal proceeding are likely to acquire the relevant information needed to pursue a fraud action if such information exists." *Id.* at 1188–89. "[T]o bar those seeking appraisal from asserting a later-discovered fraud claim" thus has the potential to "effectively immunize a controlling shareholder from answering to a fraud claim." *Id.* at 1189. But at least one state, in the name of discouraging "vexatious lawsuits by those whose goal is simply to receive more money for their stock," has stuck with appraisal as the exclusive remedy in all cases where "the shareholder's objection is essentially a complaint regarding the price which he received for his shares." *Stepak v. Schey*, 553 N.E.2d 1072, 1075 (Ohio 1990).

Were the equities in this case clearly lopsided, *Steinberg*'s evaluation of § 1312(a)'s policy objectives would already give us pause. That states have taken divergent approaches to precisely this issue based on a reasonable weighing of the costs and benefits makes certification even more necessary. At issue, after all, is not only the equitable remit to "do justice" but also the stated

purposes of the California Legislature in adopting § 1312(a). *See L. Fin. Grp., LLC v. Key*, 531 P.3d 326, 336–37 (Cal. 2023) ("Even absent an express prohibition . . . we have held that equitable exceptions may be inconsistent with the statutory text or the legislative policy reflected in the statutory scheme."). In our view, the California Supreme Court, rather than a federal court, is better suited for reconciling the two. *See Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346 (9th Cir. 1974) ("[T]he duty of the federal court is to ascertain and apply the existing California law, not to predict that California may change its law and then to apply the federal courts notion of what that change might or ought to be."); *see also id.* at 346 ("The proper fora in which to seek to change California law are the California legislature and the California courts, not the federal courts.").

There is a tension between § 1312(a)'s policy objectives and background concerns of equity, which no controlling state precedent has addressed. This unanswered question of California law—whether there is a non-statutory exception to § 1312(a) for a shareholder who does not become aware of a defendant's buyout-related misconduct until after the buyout is consummated—is dispositive in the instant case. We therefore exercise our discretion to certify this question to the California Supreme Court. *See Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir. 2003).

## III.  Certified Question

In consideration of the foregoing, we respectfully certify the following question:

> Do the appraisal requirements of California Corporations Code § 1312(a) and the

California Supreme Court's decision in *Steinberg v. Amplica, Inc.*, 729 P.2d 683 (Cal. 1986) (Mosk, J.), preclude a shareholder from seeking buyout-related damages when the facts leading to the shareholder's cause of action were not known until after the buyout was consummated?

We will accept the California Supreme Court's decision. Cal. R. Ct. 8.548(b)(2). We acknowledge that, as the receiving court, the California Supreme Court may restate the certified question. Cal. R. Ct. 8.548(f)(5).

## IV.   Counsel Information

The names and addresses of counsel or the parties, as required by Cal. R. Ct. 8.548(b)(1) are as follows:

Howard E. King, Tor R. Braham, and Jackson S. Trugman, King, Holmes, Paterno & Soriano, LLP, 1900 Avenue Of The Stars, Twenty-Fifth Floor, Los Angeles, CA 90067, and Robin Meadow and Stefan C. Love, Greines, Martin, Stein & Richland LLP, 6420 Wilshire Boulevard, Suite 1100, Los Angeles, CA 90048, for Plaintiffs Lei Li, Strong Wealth Investment Limited, and Pacific Smile Limited.

Kathleen R. Hartnett, Cooley LLP, 3 Embarcadero Center, Twentieth Floor, San Francisco, CA 94111, William K. Pao, Cooley LLP, 355 South Grand Avenue, Suite 900, Los Angeles, CA 90071, and Adam M. Katz, Cooley LLP, 500 Boylston Street,

Boston, MA 02116, for Defendants ArcSoft,
Inc., and Michael Deng.

If certification is accepted, then Defendants-Appellees
ArcSoft, Inc., and Michael Deng should be deemed the
petitioners for the purposes of the ensuing state court
proceedings.

## V.  Conclusion

The Clerk shall forward an original and ten certified
copies of this certification order, under official seal, to the
California Supreme Court. Cal. R. Ct. 8.548(d). The Clerk is
also ordered to transmit copies of all relevant briefs, as well
as any additional record materials requested by the
California Supreme Court. Cal. R. Ct. 8.548(c).

Submission of this appeal for decision is vacated and
deferred pending the California Supreme Court's final
response to this certification order. The Clerk is directed to
administratively close this docket, pending further order.
The parties shall notify the Clerk of this court within
fourteen days of the California Supreme Court's acceptance
or rejection of certification, and again, if certification is
accepted, within fourteen days of the California Supreme
Court's issuance of a decision.

**QUESTION      CERTIFIED;      PROCEEDINGS
STAYED.**